[659 NYS2d 86]

In the Matter of WILLIAM B. FALOW, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 23, 1997

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Rick, Steiner & Tannenbaum, P. C.,* New York City *(Samuel Tannenbaum* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was served with a petition containing 30 detailed charges of professional misconduct. Charges Fifteen, Sixteen, and Twenty were withdrawn. Special Referee John A. Monteleone sustained portions of Charges One and Two and sustained, in toto, Charges Four, Five, Six, Eight, Nine, Ten, Eleven, Fourteen, Nineteen, Twenty-six, Twenty-seven, Twenty-eight, Twenty-nine, and Thirty. The Grievance Committee now moves to confirm all of those findings of the Special Referee which sustained charges of professional misconduct and to disaffirm those portions of the Special Referee's report which failed to sustain charges or portions thereof. The respondent cross-moves to confirm those portions of the Special Referee's report which failed to sustain charges and to disaffirm those portions of the Special Referee's report which sustained whole charges or portions thereof.

Charges Two through Five pertain to a parcel of real property at 86 Beekman Avenue in Mount Vernon.

Charges Two and Three alleged that the respondent engaged in an impermissible conflict of interest and/or accepted employment where the exercise of his professional judgment on behalf of a client would be or reasonably may have been affected by his own financial, business, property, or personal interests.

Charge Four alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or conduct which adversely reflects on his fitness to practice law by providing a false and misleading answer to a complaint of professional misconduct, by providing false and misleading testimony, under oath, to the legitimate inquiries of the Grievance Committee, and by obstructing an investigation of the Grievance Committee.

Charge Five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation by at-

tempting to suborn the perjury of a potential witness in a disciplinary proceeding.

Charges Seven through Ten pertain to a parcel of real property at 224 Union Avenue in Mount Vernon.

Charge Seven alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or conduct prejudicial to the administration of justice.

Charge Eight alleged that the respondent engaged in an impermissible conflict of interest and/or accepted employment where the exercise of professional judgment on behalf of his client would be or reasonably may have been affected by his own financial, business, property or personal interests.

Charge Nine alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or breach of fiduciary responsibilities and/or commingling.

Charge Ten alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or conduct which adversely reflects on his fitness to practice law by providing false and misleading testimony, under oath, to the legitimate inquiries of the Grievance Committee and by obstructing the Grievance Committee's investigation.

Charges Twelve through Fourteen pertain to a parcel of real property at 457 South First Avenue in Mount Vernon.

Charge Twelve alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or conduct prejudicial to the administration of justice with respect to the Westchester County Surrogate's Court.

Charge Thirteen alleged that the respondent engaged in an impermissible conflict of interest and/or accepted employment where the exercise of his professional judgment on behalf of his client would be or reasonably may have been affected by his own financial, business, property, or personal interests.

Charge Fourteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, and/or conduct which adversely reflects on his fitness to practice law by providing a false and misleading answer to a complaint of professional misconduct, by providing false and misleading testimony, under oath, to the legitimate inquiries of the Grievance Committee, and by obstructing the Grievance Committee's investigation.

Charges Eighteen and Nineteen pertain to a parcel of real property at 405 South Fourth Avenue in Mount Vernon.

Charge Eighteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or participated in the creation or preservation of evidence when he knew or it was obvious that the evidence was false.

Charge Nineteen alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or conduct which adversely reflects on his fitness to practice law by providing a false and misleading answer to a complaint of professional misconduct, by providing false and misleading testimony, under oath, to the legitimate inquiries of the Grievance Committee, and by obstructing the Grievance Committee's investigation.

Charges Twenty-three and Twenty-five emanate from a joint venture agreement involving the purchase at foreclosure of a parcel of real property at 3201 Country Club Road in the Bronx.

Charge Twenty-three alleged that the respondent accepted employment where he represented multiple clients with differing interests without full disclosure.

Charge Twenty-five alleged that the respondent engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation, and/or conduct prejudicial to the administration of justice.

Charges Twenty-six through Twenty-nine pertain to the respondent's interest-bearing account at the National Westminster Bank.

Charge Twenty-six alleged that the respondent failed to account for clients' and third parties' funds.

Charge Twenty-seven alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing to maintain a duly constituted escrow account and by commingling funds.

Charge Twenty-eight alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing to maintain the required books and records for his escrow account pursuant to Code of Professional Responsibility DR 9-102 (D) and (I) (22 NYCRR 1200.46 [d], [i]).

Charge Twenty-nine alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law by failing to cooperate with the Grievance Committee's investigations and by failing to produce records pursuant to a subpoena so ordered by this Court.

Based on the voluminous record and the evidence adduced in the course of this disciplinary proceeding, the motion and cross motion to confirm in part and disaffirm in part are granted to the extent that the following charges are sustained: Charges Two, Three, Four, Five, Seven, Eight, Nine, Ten, Twelve, Thirteen, Fourteen, Eighteen, Nineteen, Twenty-three, Twenty-five, Twenty-seven, Twenty-eight and Twenty-nine, in toto, and Charge Twenty-six, solely with respect to failing to account for clients' and third parties' funds. The remaining charges are not sustained and the motion and cross motion are otherwise denied.

In determining an appropriate measure of discipline to impose, we note that the respondent's misconduct consists of a pattern of self-dealing and of advancing his own financial interests, often to the detriment of clients, third parties, and the legal profession. From the multiplicity of charges involved, it is evident that these were not merely isolated instances of inadvertence. From the evidence adduced, it is apparent that the respondent views the practice of law as a conduit for the furtherance of his own financial interests by way of a multitude of complex real estate transactions in which he and others were involved. Stated succinctly, the respondent has repeatedly engaged in conduct involving conflicts of interest and/or accepting employment where the exercise of his professional judgment may have been affected by his own interests, obstructing the Grievance Committee's investigation, dishonesty, fraud, deceit or misrepresentation, and/or conduct prejudicial to the administration of justice, commingling, failing to account for clients' and third parties' funds, and failing to maintain required books and records.

The respondent was issued a Letter of Admonition dated May 2, 1985, for taking a lien on escrow funds in his possession to compensate him for services rendered. The respondent was advised at that time that it is a lawyer's obligation to promptly deliver to the client, as requested, funds in his possession which the client is entitled to receive.

Although a number of clients testified with respect to the respondent's excellent reputation, low fees, and legal prowess, he has engaged in a pervasive pattern of self-dealing and obstruction of the legitimate investigation of the Grievance Committee which warrants his disbarment.

BRACKEN, J. P., ROSENBLATT, O'BRIEN, RITTER and COPERTINO, JJ., concur.

Ordered that the petitioner's motion and the respondent's cross motion to confirm in part and disaffirm in part the report

of the Special Referee are granted to the extent that Charges Two, Three, Four, Five, Seven, Eight, Nine, Ten, Twelve, Thirteen, Fourteen, Eighteen, Nineteen, Twenty-three, Twenty-five, Twenty-seven, Twenty-eight, and Twenty-nine are sustained, in toto, and Charge Twenty-six is sustained solely with respect to failing to account for clients' and third parties' funds, and the motion and cross motion are otherwise denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, William B. Falow, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that William B. Falow shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, William B. Falow is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.